# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M & F FISHING, INC., and M/V KOORALE,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CERTAIN UNDERWRITERS AT LLOYDS; GE FRANKONA REINSURANCE CO. LTD.; and DOES 1-30,<br><br>　　　　　　Defendants. | CASE NO. 06cv0934 DMS (BLM)<br><br>**ORDER DENYING PLAINTIFFS' RENEWED MOTION AND MOTION FOR RECONSIDERATION**<br><br>**[Docket No. 43]** |

On June 20, 2006, Plaintiffs M & F Fishing, Inc. and M/V Koorale filed a motion to enter default for failure to file required bond and motion to set bond pursuant to Federal Rule of Civil Procedure 55 and California Insurance Code Section 1616. After reviewing the parties' briefs and the relevant legal authority, the Court denied Plaintiffs' motion in its entirety.

Plaintiffs have now filed a renewed motion and motion for reconsideration of the Court's order denying their previous motion. Defendants Certain Underwriters at Lloyd's and GE Insurance Solutions have filed an opposition to the motion, and Plaintiffs have filed a reply. For the reasons set out below, the Court denies the motion.

/ / /

/ / /

/ / /

# I.

# DISCUSSION

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Plaintiffs argue they are entitled to renewal or reconsideration in light of newly discovered evidence, and because the Court's previous order is clearly erroneous.[1]

## A. Newly Discovered Evidence

> To justify reconsideration based on "newly discovered evidence," plaintiff must show "that (1) the evidence was discovered after [the judgment], (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case."

*Goodworth Holdings Inc. v. Suh*, 239 F.Supp.2d 947, 966 (N.D. Cal. 2002) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928-29 (9th Cir. 2000)). Plaintiffs have satisfied the first element of this test, but they have failed to satisfy the latter two elements. Accordingly, they are not entitled to renewal or reconsideration of their motion based on this argument.

Plaintiffs assert Exhibit G to their Notice of Lodgment is newly discovered evidence sufficient to warrant renewal or reconsideration of their motion. Exhibit G is a one-page document entitled, "Overseas Jurisdiction Clause." (Pls.' Notice of Lodgment, Ex. G.) It states:

> It is hereby agreed that
>
> 1. This Insurance shall be governed by the law of CALIF. whose Courts shall have jurisdiction in any dispute arising hereunder; and
>
> 2. Any summons, notice or process to be served upon the Underwriters for the purpose of instituting any legal proceedings against them in connection with this Insurance may be served upon
>
> MENDES&MOUNT (ATTORNEYS)

---

[1] Plaintiffs also hint that renewal or reconsideration of their motion is appropriate in light of Defendants' fraudulent conduct. However, to the extent Plaintiffs are raising this argument, they have not satisfied that standard. *See Cowan v. Strafford R-VI School Dist.*, 140 F.3d 1153, 1159 (8th Cir. 1998) (citations omitted) (stating relief only available where party proves alleged misconduct "by clear and convincing evidence[]" and "where the party's misconduct prevented the moving party from fully and fairly presenting its case.")

1           of NEW YORK, NEW YORK

2           who have authority to accept service on their behalf.

3 (*Id.*) The document is apparently dated "23/7/64," and is followed by the reference, "NMA1483."

4 (*Id.*)

5           Plaintiffs' counsel states he discovered this document after the Court's August 29, 2006 Order.

6 Specifically, he states he found the document,

> between August 30 and September 20, 2006, during which time [he] was preparing to argue the motion for terminating sanctions against SEAPAC, for failing to produce, among other items, all clauses forming a part of any non-admitted insurance for insureds doing business in California from 1997 to the present, before the discovery referee, the Hon. Wayne Peterson, and the presiding judge, Joan M. Lewis, in San Diego Superior Court Case No. GIC 826769.

(Reply Decl. of Patrick. D. Webb in Supp. of Mot. at 2.)  Plaintiffs' counsel does not explain where, when, or how he found Exhibit G.  Nevertheless, counsel's representation to this Court is sufficient to demonstrate Plaintiffs discovered Exhibit G after the Court's August 29, 2006 Order.  Notably absent from counsel's declaration, however, is any explanation for why Plaintiffs, through the exercise of due diligence, could not have discovered Exhibit G any earlier.  There is no evidence before the Court that Defendants, or any other party, withheld Exhibit G until after the Court's August 29, 2006 Order.  Indeed, the evidence suggests Exhibit G was part of the "70,000 pages of documents produced by the domestic broker [SeaPac] in another action in state court," (*id.*), which Plaintiffs have had since at least September 2005, seven months before they filed the present case.  (*See* Docket No. 33 at 14 (Supp. Notice of Lodgment in Supp. of Mot. to Enter Default and to Set Bond, Ex. B at 5).)  Plaintiffs have not shown they could not have discovered Exhibit G through the exercise of due diligence before the Court issued its August 29, 2006 Order.  Accordingly, they are not entitled to renewal or reconsideration of their motion on the basis of newly discovered evidence.  *See City of Moses Lake v. United States*, 430 F. Supp. 2d 1164, 1182 n.17 (E.D. Wash. 2006) (citations omitted) (stating

/ / /

/ / /

/ / /

/ / /

motions for reconsideration "are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling.")[2]

**B.     Clear Error**

Plaintiffs only other argument in support of their renewed motion and motion for reconsideration is that the Court committed clear error.  Although not entirely clear, Plaintiffs appear to assert the Court's finding that the insurance contract was entered in London, England is clearly erroneous.  To prevail on this argument, Plaintiffs must show  there is a "definite and firm conviction that a mistake has been committed[.]"  *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004) (citing *In re Banks*, 263 F.3d 862, 869 (9th Cir. 2001)).

Plaintiffs have not met that standard in this case.  As they did in their original motion, Plaintiffs rely on case law discussing conflict of laws principles, which is not relevant to the issue presented here, namely, where the contract was entered.  *See* Cal. Ins. Code § 1620(a) (stating bond requirement does not apply "if the contract is governed by and complies with the laws of the state *in which the contract was entered*.") (emphasis added).  Plaintiffs' argument concerning what law governs a contract is equally irrelevant.  In sum, Plaintiffs have failed to leave this Court with a "definite and firm conviction" that it made a mistake in denying Plaintiffs' original motion.  Absent this conviction, Plaintiffs are not entitled to renewal or reconsideration of their motion on the basis of clear error.

**II.**

**CONCLUSION**

For these reasons, Plaintiffs' renewed motion and motion for reconsideration is **DENIED**.

DATED: November 21, 2006

_____
DANA M. SABRAW
United States District Judge

---

[2] Even if Plaintiffs had satisfied the second element, the Court notes Plaintiffs have not shown Exhibit G is of such magnitude that it would have changed the outcome of Plaintiffs' previous motion.  *See Goodworth*, 239 F.Supp.2d at 966.  The critical issue in Plaintiffs' previous motion concerned where the insurance contract was entered.  Exhibit G does not speak to this issue.  Rather, it appears to be a choice of law clause, indicating what law governs the contract.