# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M & F FISHING, INC., and M/V KOORALE,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CERTAIN UNDERWRITERS AT LLOYDS; GE FRANKONA REINSURANCE CO. LTD.; and DOES 1-30,<br><br>　　　　　　Defendants. | CASE NO. 06cv0934 DMS (BLM)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE**<br><br>**[Docket Nos. 16, 18]** |

　　　　This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' First Amended Complaint and Defendants' motion to strike. Defendants filed their motions on June 22, 2006. Plaintiffs filed their opposition to the motion to dismiss on September 29, 2006, and Defendants filed their reply on November 3, 2006. Plaintiffs did not file an opposition to the motion to strike. The motions came on for hearing on November 17, 2006. Patrick Webb appeared on behalf of Plaintiffs, and Jeri Looney appeared on behalf of Defendants. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion to dismiss, and grants in part and denies in part Defendants' motion to strike.

///

///

///

# I.

# FACTUAL BACKGROUND

This case arises out of certain losses to the marine vessel Koorale, which is owned and operated by Plaintiff M&F Fishing, Inc. According to the First Amended Complaint, the Koorale's substitute custodian, George Copitas, was negligent in his care of the Koorale, causing damages in excess of $8 million.

At the time the losses were incurred, the Koorale was covered by an insurance policy issued by Defendants Certain Underwriters at Lloyd's of London and GE Insurance Solutions, f/k/a/ GE Frankona Reinsurance Company, Ltd. Plaintiffs submitted a claim under the Policy, which Defendants denied. Plaintiffs now bring this action for breach of contract, breach of the covenant of good faith and fair dealing, negligence, fraud and misrepresentation, negligent misrepresentation, promissory estoppel, and declaratory relief.

# II.

# DISCUSSION

Defendants move to dismiss Plaintiffs' First Amended Complaint in its entirety. They argue Plaintiffs have failed to state a breach of contract claim because the substitute custodian is not a "Master, Officers, Crew or Pilots" under the Policy. Absent a breach of contract claim, Defendants assert Plaintiffs' bad faith claim and declaratory judgment claim must be dismissed. Defendants also contend their tort liability is limited to the alleged bad faith claim, therefore Plaintiffs' negligence claim must be dismissed. Finally, Defendants insist Plaintiffs' fraud and misrepresentation claim, negligent misrepresentation claim, and promissory estoppel claim must be dismissed because there was no misrepresentation.

Defendants' motion to strike is aimed at Plaintiffs' allegations concerning the bond requirement of California Insurance Code Section 1616, and Plaintiffs' prayer for attorneys' fees on specific claims for relief.

**A.    Motion to Dismiss**

Dismissal pursuant to Rule 12(b)(6) is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block*, 250

F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In deciding a 12(b)(6) motion, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, the court need not accept all conclusory allegations as true; rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). *See also Benson v. Arizona State Bd. of Dental Examiners*, 673 F.2d 272, 275-76 (9th Cir. 1982) (court need not accept conclusory legal assertions); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."); *accord Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."). A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Cahill*, 80 F.3d at 338 (same).

### 1. Breach of Contract

Plaintiffs' first claim for relief alleges Defendants breached the insurance contract at issue here.

"A statement of a cause of action for breach of contract requires pleading of (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971) (citing 2 Witkin, Calif. Proc., Pleading, § 251, p. 1226). Defendants do not argue Plaintiffs have failed to plead each of these required elements. Rather, they contend Plaintiffs cannot prove the third element of breach.

Whether Plaintiffs can prove Defendants breached the contract, however, generally goes to the merits of Plaintiffs' claim. It is not an appropriate argument on a 12(b)(6) motion. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004) (stating

12(b)(6) motion "is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case.") A 12(b)(6) motion "only tests whether the claim has been

///

adequately stated in the complaint." *Id.* Plaintiffs have met this standard for their breach of contract claim, therefore Defendants motion to dismiss this claim is denied.[1]

### 2. Negligence

Plaintiffs' third claim for relief alleges Defendants were negligent. Defendants do not assert Plaintiffs have failed to plead the essential elements of this claim. Rather, they contend Plaintiffs' tort remedies are limited to the bad faith claim.

The California Supreme Court has held that "conduct amounting to a breach of contract becomes tortious only when it violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999) (citing *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994)). Here, Plaintiffs do not allege in the First Amended Complaint Defendants owed them a duty other than those provided by the insurance contract. Nor did they present any written argument in response to Defendants' motion to dismiss this particular claim. At oral argument, however, Defendants' counsel asserted the duty underlying this claim does not arise from the contract, and he requested leave to amend, if necessary. Accordingly, based on counsel's representation, Defendants' motion to dismiss this claim is granted, but Plaintiffs are granted leave to amend.

### 3. Fraud, Misrepresentation and Promissory Estoppel

---

[1] It appears the proper vehicle for Defendants' argument is a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Although the Court may convert a motion to dismiss into a motion for summary judgment under certain circumstances, Defendants do not request the Court to do so, and they oppose Plaintiffs' introduction of evidence outside the pleadings. Accordingly, the Court declines to treat Defendants' motion to dismiss as a motion for summary judgment.

Even if the Court were to consider Defendants' motion under a summary judgment standard, on the present record, there would be genuine issues of material fact about the terms of the actual policy, the nature of the brokers' relationship with the insured, and the brokers' representations to the insured. These questions of fact would prevent the Court from entering judgment on all of Plaintiffs' claims, with the exception of the negligence claim.

- 4 -                                                                                                          06cv0934

1  Plaintiffs' fourth, fifth, and sixth claims, respectively, allege fraud and misrepresentation, negligent misrepresentation and promissory estoppel against Defendants.  Defendants argue these claims are meritless because there was no misrepresentation.

As indicated by Defendants' argument, a misrepresentation is an element of Plaintiffs' fourth, fifth and sixth claims.  *See Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 85-86 (2004) (quoting *Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 200 (1986)) (setting forth elements of fraud); *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (citing *In Re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*, 58 F.3d 896, 907 (3d Cir. 1995)) (explaining elements of estoppel).  In this case, Plaintiffs allege Defendants misrepresented:

> that Plaintiffs were insured for 12 months for "Hull and Machinery etc. and everything connected therewith valued USD 8,000,000," and that: "This insurance covers loss of damage to the subject-matter insured [Koorale] caused by perils of the seas, rivers, lakes or other navigable waters, ... violent theft by persons from outside the Vessel...accidents in loading, discharging or shifting cargo or fuel, bursting of boilers, breakage of shafts or any latent defect in the machinery or hull, negligence of Master, Officers, Crew or Pilots, negligence of repairers or charterers provided such repairers of charterers are not an Assured hereunder...," as more specifically set forth in Exhibit A.

(First Am. Compl. at ¶¶33, 40, 46.)

Although Plaintiffs repeatedly refer to Exhibit A throughout their First Amended Complaint, they failed to attach anything to that pleading.  It is clear, however, that Exhibit A refers, at a minimum, to the Lloyd's Marine Policy, which is attached as Exhibit H to Plaintiffs' Notice of Lodgment in support of their opposition to this motion.  (*See* Notice of Lodgment in Supp. of Pls.' Opp'n to Defs.' Mot. to Dismiss, Ex. H.)  Contrary to Plaintiffs' allegations, this Policy contains the exact language alleged to have been misrepresented to Plaintiffs.  (*See id.* at pp.1, 3-4 of 24.)

If the authenticity of this Policy was not in dispute, the Court could and would consider it in ruling on the present motion to dismiss.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (stating court may consider evidence outside contents of complaint if 1) complaint refers to evidence, 2) evidence is central to claim, and 3) no party questions authenticity of evidence).  Here, however, Plaintiffs dispute the Policy is "a true and correct copy" of the insurance contract at issue despite referring to and relying on the Policy in their First Amended Complaint, and attaching the Policy as an exhibit in support of their opposition to the present motion.  (Pls.' Mem. of P. & A. in Opp'n to

1  Mot. to Dismiss at 1.) Nevertheless, in light of Plaintiffs' challenge to the authenticity of the Policy,
2  the Court cannot consider the Policy in ruling on this motion. Absent consideration of the Policy,
3  there is no way for the Court to determine whether Plaintiffs have failed to allege a misrepresentation.
4  Accordingly, Defendants' motion to dismiss claims four, five and six is denied.
5  / / /

**B.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) enables the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." *Estate of Migliaccio v. Midland National Life Ins. Co.*, 436 F.Supp.2d 1095, 1100 (C.D. Cal. 2006) (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996)). One court has stated that motions to strike must be denied "if any doubt exists whether the allegations in the pleadings might be relevant in the action." *Montecino v. Spherion Corp.*, 427 F.Supp.2d 965, 967 (C.D. Cal. 2006) (citing *In re 2TheMart.com Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000)).

### 1.     Allegations Concerning the Bond Requirement

In the First Amended Complaint, Plaintiffs allege that before filing any pleading in this action, Defendants must post a bond pursuant to California Insurance Code Section 1616. Defendants move to strike these allegations as redundant because they misstate the law. However, Plaintiffs' allegations do not misstate the law. Clearly, Plaintiffs do not set out the entire statutory scheme, including exceptions to the bond requirement, but their failure to do so does not render their allegations redundant. Accordingly, the Court denies Defendants' motion to strike these allegations from the First Amended Complaint.

### 2.     Attorneys' Fees

Next, Defendants move to strike Plaintiffs' prayer for attorneys' fees on all claims except the bad faith claim. With the exception of the bad faith claim, Plaintiffs' prayer for attorneys' fees is not supported by the contract at issue in this case, nor do Plaintiffs cite any statute that allows for the recovery of attorneys' fees. In the absence of such allegations, the Court grants Defendants' motion

to strike Plaintiffs' prayer for attorneys' fees from all claims except the bad faith claim. *See Shoals v. Home Depot, Inc.*, 422 F.Supp.2d 1183, 1191 (E.D. Cal. 2006) (stating prevailing party not entitled to attorney's fees unless specifically provided for by contract or statute).

/ / /

/ / /

## III.

## CONCLUSION AND ORDER

For the reasons set out above, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiffs' First Amended Complaint. Specifically, the Court grants Defendants' motion to dismiss Plaintiffs' negligence claim, and denies the motion as to the remaining claims. Plaintiffs are granted leave, however, to file a Second Amended Complaint that cures the pleading deficiencies in their negligence claim. The Court also grants in part and denies in part Defendants' motion to strike. Specifically, the Court strikes: (1) paragraph four from the prayer on the first claim for relief, (2) paragraph five from the prayer on the fourth claim for relief, and (3) the phrase "attorneys' fees" from paragraphs 22, 37, 44, 51, 56 and 57 of the First Amended Complaint. Plaintiffs shall file their Second Amended Complaint within 20 days of this Order being stamped "Filed."

Counsel are further directed to contact the Magistrate Judge's chambers to schedule an Early Neutral Evaluation conference within thirty days of the filing of this Order. All dates, including a trial date, shall be set at the ENE conference.

**IT IS SO ORDERED**.

DATED: November 21, 2006

DANA M. SABRAW
United States District Judge